# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                  )
      v.                        )
                                  )
WILLIAM BROWN         )      ID# 1108002188
EARL HARRIS           )      ID# 1108002195
                                  )
      Defendants.         )

## ORDER

**AND NOW TO WIT,** this 3rd day of August, 2016, upon consideration of Defendant William Brown's "Motion for Reargument Pursuant to Superior Court Criminal Rule 57(d) and Superior Court Criminal Rule 59(e);"[1] and the State's response thereto, **IT APPEARS THAT:**

1. On July 2, 2012, Defendants William Brown and Earl Harris were indicted for First Degree Murder, two counts of Felony Murder First Degree punishable by death, and ten other charges.[2] Murder First Degree (Count I) and Felony Murder First Degree (Counts III & IV) are the only remaining charges in the indictment.[3] Defendants moved to dismiss Counts III and IV of the indictment

---

[1] State v. William Brown, ID # 1108002188 ("Brown") D.I. 75, 77.

[2] Conspiracy First Degree relating to Count I (Count II), Burglary First Degree (Count V), Aggravated Act of Intimidation (Count VI), Conspiracy Second Degree relating to Count VI (Count VII), Arson in the Second Degree (Count VIII), Conspiracy Second Degree relating to Count VIII (Count IX), Arson in the Third Degree (Count X), Conspiracy Second Degree relating to Count X (Count XI), Theft of a Motor Vehicle (Count XII), and Conspiracy Second Degree relating to Count XII (Count XIII). Brown D.I. 1.

[3] Brown D.I. 42; State v. Earl Harris, ID # 1108002195 ("Harris") D.I. 45. In February 2016, Defendants filed Motions to Dismiss Counts II–XIII of the indictment based on the statute of limitations. The State did not oppose dismissal of Counts II and V–XIII, but opposed dismissal

based on an alleged violation of their Sixth Amendment right to a speedy trial. On June 2, 2016, the Court issued an opinion denying Defendants' Motions to Dismiss, and on June 9, 2016, the Court issued a modified opinion.[4] The modified opinion did not change the Court's decision. On June 16, 2016, Brown filed the instant Motion for Reargument.[5]

2. The Court will only grant a motion for reargument when it "has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[6] "It is well settled that a motion for reargument is not an opportunity for a party to revisit arguments already decided by the Court or to present new arguments not previously raised."[7]

3. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 7 of the Delaware Constitution. In

---

of Counts III and IV, which allege Felony Murder First Degree (11 *Del. C.* § 636(a)(2)). Defendant Harris sought and received permission to reply to the State's response. On March 14, 2016, before receiving Defendant Harris' reply, the Court erroneously issued an order granting the Motions with respect to Counts II and V–XIII, and denying the Motions with respect to Counts III and IV. The Court issued an Amended Order on March 15, 2016, amending the order with respect to Counts III and IV, and deferred decision pending receipt of Defendant Harris' reply. Defendant Harris filed a reply memorandum on March 18, 2016, which was subsequently joined by Defendant Brown. Harris D.I. 63; Brown D.I. 68.

[4] *State v. Brown*, 2016 WL 3356938, at *4 (Del. Super. June 2, 2016), *as modified* (June 9, 2016).

[5] Brown D.I. 75.

[6] *Peters ex rel. Peters v. Texas Instruments Inc.*, 2012 WL 1622396, at *1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), *as revised* (Jan. 9, 2013).

[7] *Id.*

2

*Barker v. Wingo*,[8] the United States Supreme Court adopted a balancing test to determine whether a defendant's right to a speedy trial has been violated.[9] The Court carefully balanced the four *Barker* factors, taking into account all relevant factual circumstances of this particular case, and found that Defendants' right to a speedy trial was not violated.[10]

4. With respect to the second *Barker* factor—the reason for delay—the Court found that it weighed against both the State and Defendants.[11] Brown asserts that the Court should reconsider and reverse its decision because the reason for delay should not be weighed against Brown. According to Brown, his knowledge of the pending charges in 2012 prior to the State lodging a detainer should not have been a factor in this Court's consideration because "he had no ability to force the State to bring him back to Delaware until the State lodged a detainer on May 7, 2014."[12]

5. Although the right to a speedy trial attaches as soon as a defendant is accused of a crime through arrest or indictment, the State is not required to lodge a detainer against a defendant incarcerated in another state,[13] and Delaware courts

---

[8] 407 U.S. 514, 530 (1972).
[9] *Id.*
[10] *Brown*, 2016 WL 3356938, at *6.
[11] *Id.* at *3–4.
[12] D.I. 75 ¶ 4.
[13] *State v. Dippold*, 1992 WL 354081, at *2 (Del. Super. Oct. 5, 1992) ("The State never lodged a detainer against the defendant. Nowhere in the detainer agreement adopted by Delaware does it state that the prosecution *must* lodge a detainer against the prisoner." (citing *Pittman v. State*, 301

have held that incarceration in another state can be weighed against the Defendant.[14] In this case, at the time of the indictment, Brown was incarcerated in a Federal Correctional Institution in Maryland with an anticipated release date of August 2016, and Harris was incarcerated in New Jersey with an anticipated release date of August 2022.[15] Once a detainer was lodged against Brown with Federal Bureau of Prisons, Brown did not request extradition for purposes of trial pursuant to the Uniform Agreement on Detainers ("UAD").[16] Nevertheless, the Court held that the State could have been more expeditious in seeking Defendants' extradition.[17] Thus, the Court found this factor weighed against both parties.[18]

6. Even if the reason for delay was solely attributable to the State, it does not change the Court's decision. The Court held that the third factor—Defendants' assertion of the right to a speedy trial—weighed against the Defendants. In the Motion for Reargument, Brown relies upon, *for the first time*, a letter that he

A.2d 509, 512 (Del. 1973)); *State v. Dorn*, 1989 WL 135712, at *4 (Del. Super. Nov. 3, 1989) ("While the State had a technical right to do this under 11 *Del. C.* § 2505(a) it is noted that this is a discretionary provision and is not mandatory upon the Attorney General's Office.").

[14] *Boyer v. State*, 2003 WL 21810824, at *2–3 (Del. Aug. 4, 2003) (holding that the nine-year delay between the defendant's guilty plea and sentencing was not attributable to the State because the defendants incarceration in Pennsylvania constituted a valid reason for delay); *State v. Cody*, 2015 WL 3648068, at *4 (Del. Super. June 4, 2015) (holding that a two-and-a-half year delay between indictment and entry of the guilty plea was not attributable to the State and weighed against the defendant because the defendant was incarcerated in Pennsylvania for a robbery that he committed two days after the offense that he committed in Delaware).

[15] Brown D.I. 28; Harris D.I. 30.

[16] Pursuant to 11 *Del. C.* § 2542, the UAD, once the State indicts a prisoner who is incarcerated in another state and against whom a detainer is lodged, a prisoner may request extradition for purposes of trial.

[17] *Brown*, 2016 WL 3356938, at *4.

[18] *Id.*

4

submitted to the Federal Bureau of Prisons on September 9, 2013.[19] Brown argues that this letter evidences "an effort to be extradited," and therefore, the Court was "factually inaccurate" when it stated that Brown did not raise a speedy trial claim until March 18, 2016. The Court did not overlook or misinterpret the law or facts, rather, Brown failed to advance this argument or submit this letter to the Court until *after* the Court had already denied Defendants' Motion to Dismiss.[20] "[A] motion for reargument properly seeks only a re-examination of the facts at the time of the decision."[21]

7. Even, assuming *arguendo*, that Brown's letter to the Federal Bureau of Prisons was timely submitted and establishes "an effort be extradited," the outcome would be the same. "If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation," and a defendant's "failure to assert the right will make it difficult for a

---

[19] The Court ordered Brown's counsel to submit affidavits to address why Brown's letter to the Federal Bureau of Prisons ("Exhibit D") was not included in the record prior to the Motion for Reargument. Brown D.I. 82, 83, 86.

[20] On May 16, 2016, the Court requested that the State provide more information about if and when the State filed interstate detainers against Brown and Harris. On May 25, 2016, Brown's counsel held a video conference with him to discuss the status of the case and the issue regarding the interstate detainer. According to Brown's counsel, during that call, "Brown mentioned that he did not recall responding to an interstate detainer, but revealed for the first time that he had made a request to his case manager to 'get the ball rolling' concerning his outstanding Delaware charges." Brown did not provide the letter to his counsel until June 10, 2016, seven days after the Court issue the original opinion. D.I. 83. The letter was not submitted to the Court until June 16, 2016, thirteen days after the Court issued the opinion.

[21] *Texas Instruments Inc.*, 2012 WL 1622396, at *3 (quoting *Pevar Co. v. Hawthorne*, 2010 WL 1367755, at *2 (Del. Super. Mar. 31, 2010)).

defendant to prove that he was denied a speedy trial."[22] Although the State had not yet lodged a detainer at the time Brown wrote the letter to the Federal Bureau of Prisons (and therefore could not request extradition pursuant to the UAD), Brown could have asserted a speedy trial claim.[23] Brown knew about the indictment in Delaware but never filed a motion for a speedy trial with the Delaware courts, never put the State on notice of a speedy trial claim, never personally asked that a trial date be set, and never requested that counsel be appointed in order to assist in bringing the matter to trial.[24] The letter shows that Brown knew he could request extradition once a detainer was lodged, but after a detainer was lodged Brown failed to request for extradition pursuant to the UAD.[25] The State filed a writ of *habeas corpus ad prosequedum*, and Brown was returned to Delaware on August 13, 2014.[26] Thus, the Court properly found that the third *Barker* factor weighed against Brown.

8. Finally, Brown's arguments do not implicate the Court's conclusion that the fourth *Barker* factor—prejudice resulting from the delay—weighs heavily in

---

[22] *Middlebrook v. State*, 802 A.2d 268, 275 (Del. 2002).

[23] *Douglas v. Cathel*, 456 F.3d 403, 418 (3d Cir. 2006) (explaining that a *pro se* defendant "does not have to make a procedurally perfect assertion of his speedy trial rights, but must make a 'reasonable assertion' of the right so as to put authorities on notice of his Sixth Amendment claim." (citing *Gov't of the Virgin Is. v. Pemberton*, 813 F.2d 626, 629 (3d Cir. 1987))).

[24] *Dippold*, 1992 WL 354081, at *4 (noting that the defendant did inquire as to whether Delaware had lodged a detainer against him, but the defendant never filed a motion for a speedy trial with the Delaware courts and there was nothing in the record that the defendant himself tried to contact the State); *United States v. Battis*, 589 F.3d 673, 681 (3d Cir. 2009) ("On four different occasions, Battis notified authorities that he wanted his federal trial to proceed promptly.").

[25] Brown D.I. 66; Harris D.I. 71.

[26] Brown D.I. 11–14, 66.

favor of the State because Defendants failed to demonstrate they were prejudiced by the delay.

**NOW THEREFORE,** because the Court did not overlook a controlling precedent or legal principles, or misapprehend the law or facts such as would have changed the outcome of the underlying decision, Defendant William Brown's Motion for Reargument Pursuant to Superior Court Criminal Rule 57(d) and Superior Court Criminal Rule 59(e) is **DENIED.**

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

7